IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MELINDA MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE No.: 2:14-cv-84-MEF |
| | ) | (WO—Do Not Publish) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Melinda Matthews ("Plaintiff" or "Matthews") brings this action against Defendant United States of America ("Defendant" or "United States") alleging medical malpractice. This cause is before the Court on the Motion to Dismiss (Doc. #2) filed by the United States for lack of subject-matter jurisdiction. After reviewing the submissions of the parties, the Court finds that, for the reasons set forth below, the motion is due to be GRANTED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 8, 2011, Matthews underwent foot surgery at the Central Alabama Veterans Health Care System ("CAVHCS"). (Doc. #1.) Performing the surgery were three podiatrists: Dan E. Robinson, DPM ("Robinson"), Saadia K. Whatley, DPM ("Whatley"), and Annell S. Tucker, DPM ("Tucker"). At the time of the surgery, Robinson was a Department of Veterans Affairs podiatrist practicing at CAVHCS. Whatley and Tucker were podiatric residents at CAVCHS. Matthews alleges that problems related to the first surgery

resulted in the need for two additional surgeries. Matthews further contends that she continues to suffer from pain and complications resulting from the first surgeries.

On August 8, 2013, Matthews filed suit against Robinson, Whatley, and Tucker in the Circuit Court of Montgomery County, Alabama, pursuant to the Alabama Medical Liabilities Act, claiming that her doctors negligently diagnosed, treated, and cared for her. The same day, Matthews filed Statements of Claim against the Department of Veterans Affairs. (Doc. #6.) On February 7, 2014, the Department of Veterans Affairs denied Matthews's claim under the Federal Tort Claims Act ("FTCA"). On February 10, 2014, the United States filed a Notice of Removal and Substitution in this Court. (Doc. #1.)

Pursuant to 28 U.S.C. § 2679 (d)(2), the United States Attorney for the Middle District of Alabama certified that Robinson, Whatley, and Tucker were acting within the scope of their federal employment at the time of the incident out of which Matthews's claims arose, thereby establishing removal jurisdiction in this Court and making substitution of the United States as party-defendant proper.[1] (Doc. #1.) The United States also filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. (Doc. #2.) Specifically, the United States contends that the Court lacks jurisdiction because Matthews failed to exhaust the FTCA's administrative remedies before

---

[1] 28 U.S.C. § 2679 (d)(1) instructs that "upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

2

filing suit.  (Doc. #2.)

## II. STANDARD OF REVIEW

A defendant can file a motion to dismiss to contest a federal court's subject-matter jurisdiction over a claim.  Fed. R. Civ. P. 12(b)(1).  These motions come in two varieties: one attacking subject-matter jurisdiction on the face of the complaint, the other using extrinsic evidence to launch a factual attack on jurisdiction.  *See Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003).  A court deciding a facial attack to subject-matter jurisdiction has to accept all well-pled factual allegations as true, viewing them in the light most favorable to the plaintiff.  *See McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1250 (11th Cir. 2007).  In other words, the court merely looks to "see if the plaintiff has sufficiently alleged a basis of subject mater jurisdiction." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  If the court lacks statutory or constitutional power to hear the claim, it must dismiss it for lack of subject-matter jurisdiction.  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

## III. DISCUSSION

The United States, in its Motion to Dismiss, contends that, pursuant to Federal Rule of Civil Procedure 12(b)(1), this Court lacks subject-matter jurisdiction over the litigation because Matthews filed her suit prematurely and in conflict with the FTCA's administrative exhaustion requirement.  (Doc. #2.)  The FTCA provides that "an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has

3

first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993). These administrative requirements cannot be waived. *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002). Where a litigant brings suit without first exhausting available administrative remedies, "the federal court is powerless to act." *Johnson v. Hairston*, 2007 WL 748479, at *3 (M.D. Ala. Mar. 8, 2007).

Matthews concedes that she filed this lawsuit on the same day that she filed an administrative claim with the Department of Veterans Affairs. (Doc. #6.) Because Matthews does not dispute the fact that she filed this lawsuit in state court prior to a final denial from the federal agency, she has failed to exhaust her administrative remedies as required under the FTCA. However, Matthews makes three distinct arguments as to why her failure to exhaust administrative remedies should not result in the dismissal of her claims. The Court will address each argument in turn.

First, Matthews argues that the Court did not obtain jurisdiction over this matter until the United States removed the case from state court—after the administrative denial. Thus, it appears that Matthews is attempting to argue that even though she did not exhaust her administrative remedies at the time suit was commenced in state court, her administrative remedies were exhausted by the time the case was removed to federal court.[2] This argument is without merit. In *McNeil,* the Supreme Court held that "Congress intended to require

---

[2] The Department of Veterans Affairs denied Matthews's claim on February 7, 2014. (Doc. #6.) On February 10, 2014, the United States removed the action to the United States District Court for the Middle District of Alabama. (Doc. #1.)

complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil,* 508 U.S. at 112. The "judicial process" includes "all suits against the United States, including those originating in state court against defendants yet to be formally replaced by the United States." *Celestine v. Mount Vernon Neighborhood Health Cnt.,* 403 F.3d 76, 83 (2d Cir. 2005). In light of *McNeil*, the date of significance here is the date Matthews instituted her action in state court, not the date the Department of Veterans Affairs denied her claim, nor the date the action was removed to federal court. Because Matthews's suit in state court was instituted prior to formal denial of her administrative claim, her suit was premature. *See Waid v. United States,* 2006 WL 1766808, at *4 (M.D. Ala. June 26, 2006).

Next, Matthews argues that she was unaware of the fact that Robinson, Whatley, and Tucker were acting officially within the scope of their federal office or employment as doctors of podiatric medicine at the Department of Veterans Affairs at the time of the surgery. (Doc. #6.) Thus, Matthews alleges that she should not be required to exhaust the FTCA administrative remedies when she would have no reason to know that her state court action should have been lodged against the United States. Matthews's argument ignores the Westfall Act, which expressly provides that the FTCA's administrative-exhaustion requirement applies to all actions, *even those removed from state court.* Indeed, the Westfall Act "clarifies that *all* suits against the United States, including those originating in state court against defendants yet to be formally replaced by the United States, must be subject to the administrative-exhaustion requirements specified in 28 U.S.C. § 2675." *Celestine,* 403 F.3d

5

at 84.  Therefore, Matthews's failure to exhaust administrative remedies prior to filing suit in state court requires dismissal for lack of subject-matter jurisdiction.

Finally, Matthews contends that dismissal of her claim will force her to file a duplicate claim with the Department of Veterans Affairs even though the claim has already been denied and will result in unjust delays and costs.  (Doc. #6.)  In *McNeil*, the Supreme Court stated that "[t]he interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command."  *McNeil,* 508 U.S. at 112.  And, the statutory text is not a "trap for the unwary," primarily because "the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent." *Id.* at 112–13.  Therefore, although Matthews may experience some burdens associated with adherence to the FTCA's exhaustion requirement, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver,* 447 U.S. 807, 826 (1980).  Accordingly, the United States's Motion to Dismiss is GRANTED.

## IV. CONCLUSION

Based on the foregoing, it is hereby ORDERED that Defendant United States's Motion to Dismiss (Doc. #2) is GRANTED, and Plaintiff Melinda Matthews's claims against the United States are DISMISSED WITHOUT PREJUDICE.

Done this the 16th day of April, 2014.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE
